IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:07-1014-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| DELVIN ROE ) | |

In a motion filed February 17, 2012, the defendant requests that this court issue an order compelling his former attorney, James T. McBratney, to provide a copy of the defendant's files to him "in order to allow petitioner to explore post conviction remedies available to him." The defendant indicates that he has requested that his attorney provide him copies of the file, but the attorney has failed to respond.

A review of the docket sheet in this case indicates that this court recently denied defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582, and the defendant has filed an appeal of that ruling with the Fourth Circuit Court of Appeals (No. 12-6289). The defendant was sentenced in this court on March 20, 2009 and there are no other matters pending in his criminal case.

In the event the defendant files a motion for post conviction remedies in this court, he may then request copies of specific documents or transcripts. If the defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his post conviction motion, he may contact the Clerk to request them. The Clerk will then

1

advise the defendant of the cost of the copies which must be paid up-front and in full to the Clerk. If the defendant seeks a copy of his presentence report, he must write the United States Probation Office and request a copy from that office. If the defendant seeks a copy of the transcripts of his criminal proceedings, he must contact the court reporter directly and arrange for copies through the court reporter.

After the defendant files a post conviction motion indicating the issues raised, he may file a motion for free transcripts pursuant to 28 U.S.C. § 753(f) for consideration by the court. He may be entitled to free copies of transcripts and documents in conjunction with a post conviction action only if the court finds that his claims are not frivolous and the documents are needed to decide the issues presented. *See* 28 U.S.C.A. § 753(f) (West 2008); *United States v. Shoaf,* 341 F.2d 832, 833–34 (4th Cir.1964) (indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas).

Accordingly, defendant's motion to compel his former counsel to provide copies is denied (ECF No. 1066).

IT IS SO ORDERED.

February 27, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge