IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:07-1014-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT DEVON PRIESTER | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Robert Devon Priester, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's § 2255 motion is without merit.

PROCEDURAL HISTORY

In August 2008, the defendant pled guilty to drug conspiracy charges involving the sale of 5 grams or more of cocaine base (a "lesser included" charge of Count 1). While he was on bond, the defendant was involved in a shooting that resulted in death. He was charged in November 2009 in a second indictment with being a felon in possession of a firearm while on bond. He pled guilty to the second indictment in August 2010 (CR No. 3:09-1176-JFA). The plea agreement stipulated that Priester should receive a total sentence of 300 months for the two counts in the two separate criminal cases.

The Presentence Report (PSR) before the court calculated the defendant's total

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

offense level at 43, and with a criminal history category of IV, the defendant faced an advisory guideline range of Life imprisonment. The court, however, accepted the parties' stipulation in the plea agreement and on August 16, 2010, sentenced the defendant to 300 months imprisonment. The defendant did not file a direct appeal of his sentence.

On August 9, 2011, just before the one-year statute of limitations expired, Priester filed the present § 2255 motion. The focus of his motion challenges the crack cocaine versus powder cocaine disparity and claims that his counsel was ineffective in failing to seek a more favorable plea agreement. The defendant further asserts that he should not have been accountable for crack cocaine.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion by merely indicating that he strongly objected to the court's order, and contending that he never received a copy of the government's motion for summary judgment. Out of an abundance of caution, this court allowed the defendant another 34 days to file a response to the government's motion. On the date the response was due, the defendant moved for and was granted another extension of time, until January 10, 2012, within which to respond to the motion. No response has been filed as of the date of this order.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be denied.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

3

is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. It appears that the defendant's § 2255 motion was timely filed.

DISCUSSION

As an initial matter, the defendant's argument that he should be resentenced and his sentence reduced under the Fair Sentencing Act (FSA) is not properly before this court. As the government notes in its motion for summary judgment, the defendant waived his right to file any claims, other than ineffective assistance of counsel, under 28 U.S.C. § 2255. Accordingly, this claim is dismissed without prejudice.

In his ineffective assistance of counsel claim, the defendant contends that his counsel

should have secured a more favorable plea agreement. He argues that he was not involved with crack, but was still required to plead to a crack conspiracy.[2] As noted previously in this order, Priester stipulated to a reduced sentence of 30 years after his guilty plea to two separate counts in two separate criminal cases. Without that plea stipulation, Priester could have faced up to 50 years on the drug conspiracy and gun charges.

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The court finds that the defendant has failed to show he was prejudiced in any way by counsel's actions. In an affidavit in support of the government's motion, defense attorney Robert L. Hallman attests that while the defendant denied his involvement with crack cocaine, the recorded wire tap telephone calls in the possession of the government appeared

---

[2] It should be noted that in his Rule 11 plea colloquy, the defendant admitted under oath that the controlled substance he was held responsible for was, in fact, cocaine base or crack.

to weaken that argument. Before the defendant engaged in other criminal conduct while on bond (which resulted in the death of another individual), counsel was able to arrange a plea to a lesser included offense on the drug conspiracy charge. Additionally, counsel avers that upon learning that the defendant faced a 25-year sentence in state court, he vigorously advocated for him (though not part of his federal representation) with the state public defender and solicitor to help obtain a favorable sentence for him in that court.

This court finds that counsel's performance did not fall below an objective standard of reasonableness and that the defendant has failed to show the alleged deficiencies prejudiced his defense. Thus, defendant's claim of ineffective assistance of counsel must be denied.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit on the claim of ineffective assistance of counsel. The defendant's claim and demand for entitlement to resentencing under the FSA is dismissed. Accordingly, the government's motion for summary judgment (ECF No. 995) is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

IT IS SO ORDERED.

March 15, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge